Wallace & Handlin *vs.* Calhoun.

against the Treasurer and Auditor to compel its payment. We rest our decision of this case exclusively on the ground that there was a fund, out of which the relators were entitled to be paid, that had been improperly diverted to another purpose, and their vigilance and prompt action alone accomplished the restoration of that fund to its proper uses, and therefore they had the first right to payment out of that particular fund.

*Decreed accordingly.*

No. 7358.

WALLACE & HANDLIN VS. W. S. CALHOUN ET AL.

Where a court-house has been burnt, and with it the original petition, citation, and sheriff's return of a suit therein filed, the plaintiff may draft another petition containing in substance the allegations of the burnt petition, and the citation and the fact of service and the date thereof or thereabouts, and may take a rule on the defendant to shew cause why the same shall not stand in lieu of the original papers.

But where no rule has been taken, and no service of this substitute-petition has been made, but it has been merely filed, and a motion made in term, without service or notice, that such substitute shall stand in lieu of the original, it must be refused.

APPEAL from the District Court for Grant. WARE, J. *ad hoc.*

*Handlin* and *W. S. Richardson* for Plaintiffs Appellants. *Cazabat* and *F. W. Baker* for Defendants.

The Court House of Grant Parish was burnt in June, 1878. This suit was filed before the passage of the Act of the General Assembly providing for the re-establishment of the burnt records of that parish. The attempt to re-establish this burnt record, was therefore quite independent of the legislative permission, and was approved by the court, but failed for want of preliminary service.

MARR, J., rendered the opinion affirming the judgment with reservation of the plaintiffs' right to proceed anew.

23